UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LETISH WALKER,

                         Plaintiff,                              **ORDER**

        - against -                                    18 Civ. 11310 (PGG) (KNF)

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                         Defendant.

PAUL G. GARDEPHE, U.S.D.J.:

              Plaintiff Letish Walker filed the Complaint in this action on December 4, 2018.

(Cmplt. (Dkt. No. 1))  Walker seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3), of a final decision of the Commissioner of Social Security denying her application

for Supplemental Security Income ("SSI") benefits.  (Id. at 1)  On December 10, 2018, this Court

referred the case to Magistrate Judge Kevin Nathaniel Fox for a Report and Recommendation

("R & R").  (See Order of Reference (Dkt. No. 5))

              On June 7, 2019, Plaintiff moved for judgment on the pleadings, arguing that the

case must be remanded for further development of the administrative record.  (Mot. (Dkt. No.

12); Pltf. Br. (Dkt. No. 13)  Plaintiff argues, inter alia, that she does not have the capacity for

sedentary work; that the Administrative Law Judge ("ALJ") did not properly evaluate her

complaints of pain and other limitations; and that the ALJ's Residual Functional Capacity

("RFC") determination was not supported by substantial evidence.  (Pltf. Br. (Dkt. No. 13) at 4,

19-28)

On August 6, 2019, Defendant cross-moved for judgment on the pleadings, arguing that the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence and should be affirmed.  (Mot. (Dkt. No. 14); Def. Br. (Dkt. No. 15))

On February 19, 2020, Judge Fox issued a 12-page R & R, recommending that this Court grant Plaintiff's motion for a remand, and deny Defendant's cross-motion for judgment on the pleadings.  (R & R (Dkt. No. 19))  On February 20, 2020, Judge Fox issued an amended R & R to correct a typographical error.  (Am. R & R (Dkt. No. 20) at 1)

In his R & R, Judge Fox notifies the parties that they have fourteen days from service of the R & R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  (R & R (Dkt. No. 20) at 11)  The R & R further states that "[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review."  (Id. at 11-12 (emphasis omitted))  Neither side has filed objections to the R & R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice

of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."). This Court has nonetheless reviewed Judge Fox's R&R for clear error.

In recommending a remand for further development of the administrative record, Judge Fox's reasoning is as follows:

> The ALJ did not accord the opinion of Walker's treating source, Dr. Dunkelman, controlling weight; rather, the ALJ gave Dr. Dunkelman little weight without providing any reason, let alone a good reason, for doing so, and without applying the factors required to be applied under 20 C.F.R. § 404.1527(c)(2). The ALJ simply stated that he gives Dr. Dunkelman's opinion little weight, describing it as "quite close to a sedentary residual functional capacity except for the sitting (5 instead of 6 hrs) and postural limitations" and "constru[ing it] as consistent with the residual functional capacity statement." Moreover, the ALJ accorded great weight to Dr. Graham's opinion because, "although not well-defined, it is generally consistent with the evidence as a whole and supported by the objective medical evidence." The ALJ did not explain what he meant by "not well-defined" or why general consistency with the record as a whole and support by the objective medical evidence are sufficient bases for according any weight to a medical source opinion that is admittedly "not well-defined." The Court finds that the ALJ committed legal error by failing to apply the treating physician rule, as required by the Social Security Administration's regulations, warranting remand.

(R & R (Dkt. No. 20) at 10-11)[1]

---

[1] 20 C.F.R. § 404.1527 applies here, rather than 20 C.F.R. § 404.1520c, because Plaintiff filed her claim before March 27, 2017. See 20 C.F.R. §§ 404.1527, 404.1520c; Social Security Record (Dkt. No. 11) at 19 ("On February 20, 2015, the claimant protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning September 4, 2013."); see also Vargas v. Saul, No. 18-CV-4760 (AJN) (OTW), 2019 WL 3245154, at *5 n.5 (S.D.N.Y. July 19, 2019) ("20 C.F.R. § 404.1527 applies here, rather than 20 C.F.R. § 404.1520c, because Plaintiff filed her claim before March 27, 2017."); Finch v. Berryhill, No. 17-CV-892 (OTW), 2019 WL 1434621, at *11 n.20 (S.D.N.Y. Apr. 1, 2019) ("Although not relevant here, the Court notes that the regulations governing the "treating

This Court sees no error, much less clear error, in Judge Fox's reasoning. See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). Accordingly, Judge Fox's R & R is adopted in its entirety.

Plaintiff's motion for remand for further development of the administrative record is granted. Defendant's cross-motion for judgment on the pleadings is denied. The Clerk of Court is respectfully directed to terminate the motions (Dkt. Nos. 12, 14) and to remand this case to the Commissioner of Social Security for further proceedings.

Dated: New York, New York
        March 22, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

physician rule" recently changed as to claims filed on or after March 27, 2017." (citing 20 C.F.R. §§ 404.1527, 404.1520c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 F.R. 5844-01, 2017 WL 168819, at *5844, *5867-68 (Jan. 18, 2017); accord Cortese v. Comm'r of Social Sec., No. 16-CV-4217 (RJS), 2017 WL 4311133, at *3 n.2 (S.D.N.Y. Sept. 27, 2017))).